## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN – SOUTHEASTERN DIVISION

LADONNA CRUTCHFIELD,                           Hon. Brandy R. McMillon
    Plaintiff,                             Case No.: 25-cv-10514

- vs -

CITY OF DETROIT, *et al*,
    Defendants.

_____/

| | |
|---|---|
| LAW OFFICES OF IVAN L. LAND, P.C., | CITY OF DETROIT LAW DEPARTMENT |
| Ivan L. Land Sr. (P65879) | Gregory B. Paddison (P75963) |
| Attorney for Plaintiff | Attorney for Defendants |
| 25900 Greenfield, Rd., Ste. 210 | Coleman A. Young Municipal Center |
| Oak Park, MI 48237 | 2 Woodward Avenue, Suite 500 |
| (248) 968-4545 | Detroit, MI 48226 |
| Ill4law@aol.com | (313) 237-0435 |
| | paddisong@detroitmi.gov |

_____/

## MATTHEW MCKINNEY'S ANSWER TO PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT, RELIANCE UPON JURY DEMAND, SPECIAL AND AFFIRMATIVE DEFENSES, AND DEMAND FOR REPLY

**NOW COMES**, Defendant, MATTHEW MCKINNEY, by and through his attorney, Gregory B. Paddison, and for its answer to Plaintiff's Amended Verified Complaint, Reliance Upon Jury Demand, Special and Affirmative Defenses, and Demand for Reply, states as follows:

### INTRODUCTION

1. Defendant, MATTHEW MCKINNEY, neither admits, nor denies, the allegations of Paragraph 1, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

2. Defendant admits the allegations of Paragraph 2, to the enter that the allegations stated therein allege that a consent decree was entered between the City of Detroit and the Department of Justice. Defendant neither admits, nor denies, the balance of the allegations of Paragraph 2, for lack of sufficient information upon which it may formulate a response, but leaves Plaintiff to her proofs.

3. Defendant admits the allegations of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4, as the allegations stated therein are untrue.

5. Defendant denies the allegations of Paragraph 5, as the allegations stated therein are untrue.

6. Defendant admits the allegations of Paragraph 6, to the extent that the allegations stated therein allege that there was no Warrant for Plaintiff's arrest.  Defendant neither admits, nor denies, the allegations of Paragraph 6, to the extent that the allegations stated therein allege what Plaintiff was doing prior to Defendant's arrival at Plaintiff's home, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.  Defendant denies the

balance of the allegations of Paragraph 6, as the allegations stated therein are untrue.

7.  Defendant denies the allegations of Paragraph 7, as to himself only, as the allegations stated therein are untrue.

8.  Defendant neither admits, nor denies, the allegations of Paragraph 8, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

9.  Defendant neither admits, nor denies, the allegations of Paragraph 9, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

10. Defendant denies the allegations of Paragraph 10, as the allegations stated therein are untrue.

11. Defendant neither admits, nor denies, the allegations of Paragraph 11, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

12. Defendant neither admits, nor denies, the allegations of Paragraph 12, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

13. Defendant neither admits, nor denies, the allegations of Paragraph 13, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

14. Defendant neither admits, nor denies, the allegations of Paragraph 14, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

15. Defendant denies the allegations of Paragraph 15, as the allegations stated therein are untrue.

## JURISDICTION AND VENUE

Defendant, MATTHEW MCKINNEY, reincorporates his responses to all prior paragraphs as if restated in full hereinafter.

16. Defendant denies the allegations of Paragraph 16, as to himself only, as the allegations stated therein are untrue.

17. Defendant, neither admits, nor denies, the allegations of Paragraph 17, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

18. Defendant, neither admits, nor denies, the allegations of Paragraph 18, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

## PARTIES

Defendant, MATTHEW MCKINNEY, reincorporates his responses to all prior paragraphs as if restated in full hereinafter.

19. Defendant, neither admits, nor denies, the allegations of Paragraph 19, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

20. Defendant admits the allegations of Paragraph 20.

21. Defendant neither admits, nor denies, the allegations of Paragraph 21, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

22. Defendant admits the allegations of Paragraph 22.

23. Defendant admits the allegations of Paragraph 23.

24. Defendant admits the allegations of Paragraph 24.

25. Defendant admits the allegations of Paragraph 25.

26. Defendant admits the allegations of Paragraph 26.

27. Defendant admits the allegations of Paragraph 27.

28. Defendant, neither admits, nor denies, the allegations of Paragraph 28, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

29. No response necessary.

## FACTS

Defendant, MATTHEW MCKINNEY, reincorporates his responses to all prior paragraphs as if restated in full hereinafter.

30. Defendant, neither admits, nor denies, the allegations of Paragraph 30, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

31. Defendant, neither admits, nor denies, the allegations of Paragraph 31, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

32. Defendant, neither admits, nor denies, the allegations of Paragraph 32, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

33. Defendant, neither admits, nor denies, the allegations of Paragraph 33, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

34. Defendant, neither admits, nor denies, the allegations of Paragraph 34, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

35. Defendant, neither admits, nor denies, the allegations of Paragraph 35, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

36. Defendant, neither admits, nor denies, the allegations of Paragraph 36, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

37. Defendant, neither admits, nor denies, the allegations of Paragraph 37, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

38. Defendant, neither admits, nor denies, the allegations of Paragraph 38, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

39. Defendant, neither admits, nor denies, the allegations of Paragraph 39, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

40. Defendant, neither admits, nor denies, the allegations of Paragraph 40, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

41. Defendant, neither admits, nor denies, the allegations of Paragraph 41, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

42. Defendant, neither admits, nor denies, the allegations of Paragraph 42, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

43. Defendant, neither admits, nor denies, the allegations of Paragraph 43, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

44. Defendant, neither admits, nor denies, the allegations of Paragraph 44, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

45. Defendant, neither admits, nor denies, the allegations of Paragraph 45, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

46. Defendant, neither admits, nor denies, the allegations of Paragraph 46, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

47. Defendant, neither admits, nor denies, the allegations of Paragraph 47, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

48. Defendant, neither admits, nor denies, the allegations of Paragraph 48, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

49. Defendant, neither admits, nor denies, the allegations of Paragraph 49, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

50. Defendant, neither admits, nor denies, the allegations of Paragraph 50, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

51. Defendant, neither admits, nor denies, the allegations of Paragraph 51, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

52. Defendant, neither admits, nor denies, the allegations of Paragraph 52(a-j), for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

53. Defendant, neither admits, nor denies, the allegations of Paragraph 53, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

54. Defendant, neither admits, nor denies, the allegations of Paragraph 54, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

55. Defendant, neither admits, nor denies, the allegations of Paragraph 55, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

56. Defendant, neither admits, nor denies, the allegations of Paragraph 56, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

57. Defendant, neither admits, nor denies, the allegations of Paragraph 57, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

58. Defendant, neither admits, nor denies, the allegations of Paragraph 58, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

59. Defendant admits the allegations of Paragraph 59.

60. Defendant, neither admits, nor denies, the allegations of Paragraph 60, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

61. Defendant, neither admits, nor denies, the allegations of Paragraph 61, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

62. Defendant, neither admits, nor denies, the allegations of Paragraph 62, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

63. Defendant, neither admits, nor denies, the allegations of Paragraph 63, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

64. Defendant, neither admits, nor denies, the allegations of Paragraph 64, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

65. Defendant, neither admits, nor denies, the allegations of Paragraph 65, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

66. Defendant denies the allegations of Paragraph 66, to the extent that the allegations stated therein allege that Defendant's "demanded" that Plaintiff step outside her home.  Defendant admits the allegations of Paragraph 66 in all other respects.

67. Defendant denies the allegations of Paragraph 67, as the allegations stated therein are untrue.

68. Defendant admits the allegations of Paragraph 68.

69. Defendant admits the allegations of Paragraph 69.

70. Defendant denies the allegations of Paragraph 70, as the allegations stated therein are untrue.

71. Defendant admits the allegations of Paragraph 71.

72. Defendant admits the allegations of Paragraph 72.

73. Defendant, neither admits, nor denies, the allegations of Paragraph 73, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

74. Defendant admits the allegations of Paragraph 74.

75. Defendant admits the allegations of Paragraph 75.

76. Defendant denies the allegations of Paragraph 76, as the allegations stated therein are untrue.

77. Defendant, neither admits, nor denies, the allegations of Paragraph 78, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

78. Defendant admits the allegations of Paragraph 78.

79. Defendant admits the allegations of Paragraph 79.

80. Defendant, neither admits, nor denies, the allegations of Paragraph 80, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

81. Defendant, neither admits, nor denies, the allegations of Paragraph 81, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

82. Defendant, neither admits, nor denies, the allegations of Paragraph 82, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

83. Defendant admits the allegations of Paragraph 83.

84. Defendant, neither admits, nor denies, the allegations of Paragraph 84, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

85. Defendant, neither admits, nor denies, the allegations of Paragraph 85, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

86. Defendant, neither admits, nor denies, the allegations of Paragraph 86, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

87. Defendant, neither admits, nor denies, the allegations of Paragraph 87, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

88. Defendant, neither admits, nor denies, the allegations of Paragraph 88, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

89. Defendant, neither admits, nor denies, the allegations of Paragraph 89, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

90. Defendant, neither admits, nor denies, the allegations of Paragraph 90, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

91. Defendant, neither admits, nor denies, the allegations of Paragraph 91, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

92. Defendant, neither admits, nor denies, the allegations of Paragraph 92, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

93. Defendant, neither admits, nor denies, the allegations of Paragraph 93, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

94. Defendant, neither admits, nor denies, the allegations of Paragraph 94, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

95. Defendant, neither admits, nor denies, the allegations of Paragraph 95, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

96. Defendant, neither admits, nor denies, the allegations of Paragraph 96, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

97. Defendant, neither admits, nor denies, the allegations of Paragraph 97, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

98. Defendant, neither admits, nor denies, the allegations of Paragraph 98, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

99. Defendant, neither admits, nor denies, the allegations of Paragraph 99, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

100. Defendant, neither admits, nor denies, the allegations of Paragraph 100, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

101. Defendant, neither admits, nor denies, the allegations of Paragraph 101, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

102. Defendant, neither admits, nor denies, the allegations of Paragraph 102, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

103. Defendant, neither admits, nor denies, the allegations of Paragraph 103, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

104. Defendant, neither admits, nor denies, the allegations of Paragraph 104, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

105.   Defendant, neither admits, nor denies, the allegations of Paragraph 105, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

106.   Defendant, neither admits, nor denies, the allegations of Paragraph 106, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

107.   Defendant, neither admits, nor denies, the allegations of Paragraph 107, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

108.   Defendant, neither admits, nor denies, the allegations of Paragraph 108, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

109.   Defendant, neither admits, nor denies, the allegations of Paragraph 109, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

110.   Defendant, neither admits, nor denies, the allegations of Paragraph 110, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

111.   Defendant, neither admits, nor denies, the allegations of Paragraph 111, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

112.   Defendant, neither admits, nor denies, the allegations of Paragraph 112, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

113.   Defendant, neither admits, nor denies, the allegations of Paragraph 113, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

### COUNT I
### FALSE ARREST AND IMPRISONMENT IN VIOLATION OF THE FOURTH AMENDMENT AND 42 USC § 1983

114.   Defendant, MATTHEW MCKINNEY, reincorporates his responses to all prior paragraphs as if restated in full hereinafter.

115.   No response necessary as the Fourth Amendment to the United States Constitution speaks for itself.

116.   Defendant admits the allegations of Paragraph 116, as to himself only.

117.   Defendant denies the allegations of Paragraph 117, as to himself only, as the allegations stated therein are untrue.

118.   Defendant denies the allegations of Paragraph 118, as to himself only, as the allegations stated therein are untrue.

119.   Defendant denies the allegations of Paragraph 119, as to himself only, as the allegations stated therein are untrue.

120.   Defendant denies the allegations of Paragraph 120, as to himself only, as the allegations stated therein are untrue.

<div align="center">

COUNT II
ILLEGAL SEARCH AND SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT AND
42 USC § 1983

</div>

121.   Defendant, MATTHEW MCKINNEY, reincorporates his responses to all prior paragraphs as if restated in full hereinafter.

122.   No response necessary as the Fourth Amendment to the United States Constitution speaks for itself.

123.   Defendant admits the allegations of Paragraph 123, as to himself only.

124.   Defendant denies the allegations of Paragraph 124, as to himself only, as the allegations stated therein are untrue.

125.   Defendant denies the allegations of Paragraph 125, as to himself only, as the allegations stated therein are untrue.

126.   Defendant denies the allegations of Paragraph 126, as to himself only, as the allegations stated therein are untrue.

127.   Defendant denies the allegations of Paragraph 127, as to himself only, as the allegations stated therein are untrue.

128.   Defendant denies the allegations of Paragraph 128, as to himself only, as the allegations stated therein are untrue.

129.   Defendant denies the allegations of Paragraph 129, as to himself only, as the allegations stated therein are untrue.

<div align="center">

**C<small>OUNT</small> III**
**A<small>SSAULT AND</small> B<small>ATTERY</small>**

</div>

130.   Defendant, M<small>ATTHEW</small> M<small>C</small>K<small>INNEY</small>, reincorporates his responses to all prior paragraphs as if restated in full hereinafter.

131.   Defendant denies the allegations of Paragraph 131, as the allegations stated therein are untrue.

132.   Defendant denies the allegations of Paragraph 132, as the allegations stated therein are untrue.

133.   Defendant denies the allegations of Paragraph 133, as the allegations stated therein are untrue.

134.   Defendant denies the allegations of Paragraph 134, as the allegations stated therein are untrue.

135.   Defendant denies the allegations of Paragraph 135, as the allegations stated therein are untrue.

136.   Defendant denies the allegations of Paragraph 136, as to himself only, as the allegations stated therein are untrue.

<div align="center">

**C<small>OUNT</small> IV**

</div>

## FALSE LIGHT

137.   Defendant, MATTHEW MCKINNEY, reincorporates his responses to all prior paragraphs as if restated in full hereinafter.

138.   Defendant denies the allegations of Paragraph 138, as the allegations stated therein are untrue.

139.   Defendant denies the allegations of Paragraph 139, as the allegations stated therein are untrue.

140.   Defendant denies the allegations of Paragraph 140, as the allegations stated therein are untrue.

141.   Defendant denies the allegations of Paragraph 141, as the allegations stated therein are untrue.

142.   Defendant denies the allegations of Paragraph 142, as the allegations stated therein are untrue.

143.   Defendant denies the allegations of Paragraph 143, as the allegations stated therein are untrue.

144.   Defendant denies the allegations of Paragraph 144, as the allegations stated therein are untrue.

145.   Defendant denies the allegations of Paragraph 145, as the allegations stated therein are untrue.

## COUNT V

## Failure to Investigate and Suppression of Exculpatory Evidence in Violation of the Fourth and Fourteenth Amendments and 42 USC § 1983

146. Defendant, Matthew McKinney, reincorporates his responses to all prior paragraphs as if restated in full hereinafter.

147. Defendant admits the allegations of Paragraph 147.

148. Defendant, neither admits, nor denies, the allegations of Paragraph 148(a-f), for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

149. Defendant, neither admits, nor denies, the allegations of Paragraph 149, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

150. Defendant, neither admits, nor denies, the allegations of Paragraph 150, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

151. Defendant, neither admits, nor denies, the allegations of Paragraph 151, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

152. Defendant, neither admits, nor denies, the allegations of Paragraph 152, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

<u>COUNT VI</u>
<u>MONELL CLAIM 42 USC § 1983 MUNICIPAL/SUPERVISORY LIABILITY</u>

153.   Defendant, MATTHEW MCKINNEY, reincorporates his responses to all prior paragraphs as if restated in full hereinafter.

154.   Defendant denies the allegations of Paragraph 154, as the allegations stated therein are untrue.

155.   Defendant denies the allegations of Paragraph 155(a-h), as the allegations stated therein are untrue.

156.   Defendant denies the allegations of Paragraph 156, as the allegations stated therein are untrue.

157.   Defendant denies the allegations of Paragraph 157, as the allegations stated therein are untrue.

158.   Defendant denies the allegations of Paragraph 158, as the allegations stated therein are untrue.

159.   Defendant denies the allegations of Paragraph 159, as the allegations stated therein are untrue.

160.   Defendant denies the allegations of Paragraph 160, as the allegations stated therein are untrue.

<u>COUNT VII</u>
<u>FAILURE TO INTERVENE</u>

161.   Defendant, MATTHEW MCKINNEY, reincorporates his responses to all prior paragraphs as if restated in full hereinafter.

162.   Defendant denies the allegations of Paragraph 162, as the allegations stated therein are untrue.

163.   Defendant denies the allegations of Paragraph 163, as the allegations stated therein are untrue.

164.   Defendant denies the allegations of Paragraph 164, as the allegations stated therein are untrue.

165.   Defendant, neither admits, nor denies, the allegations of Paragraph 165, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to her proofs.

166.   Defendant denies the allegations of Paragraph 166, as to himself only, as the allegations stated therein are untrue.

167.   Defendant denies the allegations of Paragraph 167, as to himself only, as the allegations stated therein are untrue.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

168.   Defendant, MATTHEW MCKINNEY, reincorporates his responses to all prior paragraphs as if restated in full hereinafter.

169.   Defendant denies the allegations of Paragraph 169, as the allegations stated therein are untrue.

170.   Defendant denies the allegations of Paragraph 170, as the allegations stated

therein are untrue.

171.   Defendant denies the allegations of Paragraph 171, as the allegations stated

therein are untrue.

172.   Defendant denies the allegations of Paragraph 172, as the allegations stated

therein are untrue.

173.   Defendant denies the allegations of Paragraph 173, as the allegations stated

therein are untrue.

WHEREFORE, Defendant, MATTHEW MCKINNEY, respectfully requests that

this Honorable Court enter a judgment no cause of action, or in the alternative, that

the present cause be dismissed, with prejudice, with costs and attorneys' fees

awarded to Defendant.

<div style="margin-left:50%;">
Respectfully submitted,<br>
CITY OF DETROIT LAW DEPARTMENT
</div>

Dated: September 23, 2025          /s/   Gregory B. Paddison

Gregory B. Paddison (P75963)

Attorney for Defendant

## RELIANCE ON JURY DEMAND

**NOW COMES**, Defendant, MATTHEW MCKINNEY, by and through his attorney,

Gregory B. Paddison, and hereby gives notice of his reliance on Plaintiff's demand

for trial by jury.

<div style="text-align: right">

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

</div>

Dated: September 23, 2025            /s/     <u>Gregory B. Paddison</u>
                                             Gregory B. Paddison (P75963)
                                             Attorney for Defendant

## DEMAND FOR COMPULSORY JOINDER

NOW COMES, Defendant, MATTHEW MCKINNEY, by and through his attorney,

Gregory B. Paddison, and demands that Plaintiff join any and all claims arising out

of the transactions, acts, or occurrences, allegedly giving rise to the present action.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

Dated: September 23, 2025          /s/   Gregory B. Paddison
                                         Gregory B. Paddison (P75963)
                                         Attorney for Defendant

## AFFIRMATIVE DEFENSES

**NOW COMES**, Defendant, MATTHEW MCKINNEY, by and through his attorney,

Gregory B. Paddison, and states her Affirmative Defenses as follows:

1. That Defendant, MATTHEW MCKINNEY, is individually immune pursuant to MCL

   § 691.1404 *et seq*. for the following reasons:

   a. That MATTHEW MCKINNEY is an employee of CITY OF DETROIT and was working in the course of his or her employment and within the scope of his or her authority when the incident allegedly occurred;

   b. That CITY OF DETROIT is, and was at the time the incident allegedly occurred, a governmental agency;

   c. That at the time of the alleged incident herein complained of, CITY OF DETROIT was engaged in the exercise or discharge of a governmental function; and

   d. That MATTHEW MCKINNEY'S conduct did not amount to gross negligence that was the proximate cause of the alleged injury or damage.

2. Plaintiff has failed to set forth a cause of action upon which relief can be granted.

3. Plaintiff has failed to mitigate his alleged damages.

4. The Defendant is, or may be, without jurisdiction.

5. Plaintiff's claims are, or may be barred by the applicable statute of limitations.

6. Plaintiff's claims are, or may be barred for failure to exhaust statutory, administrative, and/or other available remedies.

7. Plaintiff has failed to join every legal or equitable claim which arises out of the alleged transaction or occurrence which is the subject matter of Plaintiff's instant action.

8. MATTHEW MCKINNEY was, at all times alleged in Plaintiff's Complaint, a duly qualified, appointed and acting Police Officer of CITY OF DETROIT and Peace Officer of the State of Michigan, and that all times alleged in Plaintiff's Complaint, MATTHEW MCKINNEY was engaged in the performance of his or her regularly assigned duties as such and he or she is therefore entitled to Qualified Immunity.

9. That MATTHEW MCKINNEY, at all times alleged in Plaintiff's Complaint, acted in good faith and without malice and within the scope of his or her duties as a Police Officer of CITY OF DETROIT and Peace Officer of the State of Michigan and he or she is therefore entitled to Qualified Immunity.

10. That any alleged injuries to Plaintiff was due to and caused by the negligence and/or omission of the Plaintiff to care for himself or herself which carelessness, and/or negligence, and/or omissions were the proximate cause of the damage, if any, to the Plaintiff.

11. That any injuries or damages suffered by Plaintiff was caused by reason of Plaintiff's wrongful acts and conduct and/or the willful resistance to a Peace Officer in the discharge, and/or attempt to discharge his or her office, and not by reason of any unlawful acts of omissions of MATTHEW MCKINNEY.

12. The actions of MATTHEW MCKINNEY were lawful and proper, and probable cause existed for the execution of the search and arrest of Plaintiff, and Plaintiff's property, and he or she is therefore entitled to Qualified Immunity.

13. The actions of MATTHEW MCKINNEY were reasonable, proper and legal and he or she is therefore entitled to Qualified Immunity.

14. MATTHEW MCKINNEY had reasonable cause to believe that an offense had been committed and that Plaintiff had committed the offense and he or she is therefore entitled to Qualified Immunity.

15. If the Plaintiff sustained any injuries, damage, or loss, the same was solely and proximately occasioned by the carelessness, heedlessness and negligence of the Plaintiff in failing to act in a reasonable, prudent manner, acting without due care and circumspection and in a manner dangerous to or likely to endanger Plaintiff's own safety, and not because of any act or omission of, or chargeable to, MATTHEW MCKINNEY.

16. That MATTHEW MCKINNEY is entitled to Qualified Immunity against the claims set forth against him or her in this action.

17. That the conduct complained of was not clearly established as being unconstitutional and MATTHEW MCKINNEY is therefore entitled to Qualified Immunity

18. MATTHEW MCKINNEY, by and through his or her undersigned counsel, does not

waive any deficiency or omission in any pleadings heretofore or hereafter filed

by any other party to the above-captioned matter, and hereby reserves the right

to assert and file any additional affirmative and special defenses as may become

known through discovery proceedings in accordance with the rules and practices

of this Court, or otherwise.

WHEREFORE, Defendant, MATTHEW MCKINNEY, respectfully requests that

this Honorable Court enter a judgment no cause of action, or in the alternative, that

the present cause be dismissed, with prejudice, with costs and attorneys' fees

awarded to Defendant.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

/s/    Gregory B. Paddison
Dated: September 23, 2025      Gregory B. Paddison (P75963)
       Attorney for Defendant

## <u>DEMAND FOR REPLY</u>

Defendant, MATTHEW MCKINNEY, demands a reply to each and every

Affirmative Defense set forth herein.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

/s/    <u>Gregory B. Paddison</u>
Dated: September 23, 2025          Gregory B. Paddison (P75963)
Attorney for Defendant