## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN – SOUTHEASTERN DIVISION

LaDonna Crutchfield,                                Hon. Brandy R. McMillon
        Plaintiff,                                  Case No.: 25-cv-10514

- vs -

City of Detroit, *et al*,
        Defendants.

_____/

LAW OFFICES OF IVAN L. LAND, P.C.,      CITY OF DETROIT LAW DEPARTMENT
Ivan L. Land Sr. (P65879)               Gregory B. Paddison (P75963)
Attorney for Plaintiff                  Attorney for Defendants
25900 Greenfield, Rd., Ste. 210         Coleman A. Young Municipal Center
Oak Park, MI 48237                      2 Woodward Avenue, Suite 500
(248) 968-4545                          Detroit, MI 48226
Ill4law@aol.com                         (313) 237-0435
                                        paddisong@detroitmi.gov

_____/

## CAREEMA YOPP'S ANSWER TO PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT, RELIANCE UPON JURY DEMAND, SPECIAL AND AFFIRMATIVE DEFENSES, AND DEMAND FOR REPLY

**NOW COMES**, Defendant, CAREEMA YOPP, by and through her attorney,

Gregory B. Paddison, and for its answer to Plaintiff's Amended Verified Complaint,

Reliance Upon Jury Demand, Special and Affirmative Defenses, and Demand for

Reply, states as follows:

## INTRODUCTION

1

1. Defendant, CAREEMA YOPP, neither admits, nor denies, the allegations of Paragraph 1, for lack of sufficient information upon which sshe may formulate a response, but leaves Plaintiff to her proofs.

2. Defendant admits the allegations of Paragraph 2, to the enter that the allegations stated therein allege that a consent decree was entered between the City of Detroit and the Department of Justice. Defendant neither admits, nor denies, the balance of the allegations of Paragraph 2, for lack of sufficient information upon which sshe may formulate a response, but leaves Plaintiff to her proofs.

3. Defendant admits the allegations of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4, as the allegations stated therein are untrue.

5. Defendant denies the allegations of Paragraph 5, as the allegations stated therein are untrue.

6. Defendant admits the allegations of Paragraph 6, to the extent that the allegations stated therein allege that there was no Warrant for Plaintiff's arrest.  Defendant neither admits, nor denies, the balance of the allegations of Paragraph 6, for lack of sufficient information upon which sshe may formulate a response, but leaves Plaintiff to her proofs.

7. Defendant denies the allegations of Paragraph 7, as to herself only, as the allegations stated therein are untrue.

2

8.  Defendant denies the allegations of Paragraph 8, as to herself only, as the allegations stated therein are untrue.

9.  Defendant denies the allegations of Paragraph 9, as the allegations stated therein are untrue.

10. Defendant neither admits, nor denies, the allegations of Paragraph 10, for lack of sufficient information upon which sshe may formulate a response, but leaves Plaintiff to her proofs.

11. Defendant denies the allegations of Paragraph 11, as to herself only, as the allegations stated therein are untrue.

12. Defendant neither admits, nor denies, the allegations of Paragraph 12, for lack of sufficient information upon which sshe may formulate a response, but leaves Plaintiff to her proofs.

13. Defendant neither admits, nor denies, the allegations of Paragraph 13, for lack of sufficient information upon which sshe may formulate a response, but leaves Plaintiff to her proofs.

14. Defendant denies the allegations of Paragraph 14, as the allegations stated therein are untrue.

15. Defendant denies the allegations of Paragraph 15, as the allegations stated therein are untrue.

### JURISDICTION AND VENUE

3

Defendant, CAREEMA YOPP, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

16. Defendant denies the allegations of Paragraph 16, as to herself only, as the allegations stated therein are untrue.

17. Defendant, neither admits, nor denies, the allegations of Paragraph 17, for lack of sufficient information upon which sshe may formulate a response, but leaves Plaintiff to her proofs.

18. Defendant, neither admits, nor denies, the allegations of Paragraph 18, for lack of sufficient information upon which sshe may formulate a response, but leaves Plaintiff to her proofs.

## **PARTIES**

Defendant, CAREEMA YOPP, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

19. Defendant, neither admits, nor denies, the allegations of Paragraph 19, for lack of sufficient information upon which sshe may formulate a response, but leaves Plaintiff to her proofs.

20. Defendant admits the allegations of Paragraph 20.

21. Defendant neither admits, nor denies, the allegations of Paragraph 21, for lack of sufficient information upon which sshe may formulate a response, but leaves Plaintiff to her proofs.

22. Defendant neither admits, nor denies, the allegations of Paragraph 22, for lack of sufficient information upon which sshe may formulate a response, but leaves Plaintiff to her proofs.

23. Defendant neither admits, nor denies, the allegations of Paragraph 23, for lack of sufficient information upon which sshe may formulate a response, but leaves Plaintiff to her proofs.

24. Defendant neither admits, nor denies, the allegations of Paragraph 24, for lack of sufficient information upon which sshe may formulate a response, but leaves Plaintiff to her proofs.

25. Defendant neither admits, nor denies, the allegations of Paragraph 25, for lack of sufficient information upon which sshe may formulate a response, but leaves Plaintiff to her proofs.

26. Defendant neither admits, nor denies, the allegations of Paragraph 26, for lack of sufficient information upon which sshe may formulate a response, but leaves Plaintiff to her proofs.

27. Defendant neither admits, nor denies, the allegations of Paragraph 27, for lack of sufficient information upon which sshe may formulate a response, but leaves Plaintiff to her proofs.

28. Defendant admits the allegations of Paragraph 28.

29. No response necessary.

## FACTS

Defendant, CAREEMA YOPP, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

30. Defendant admits the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31, as the allegations stated therein are untrue.

32. Defendant, neither admits, nor denies, the allegations of Paragraph 32, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

33. Defendant, neither admits, nor denies, the allegations of Paragraph 33, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

34. Defendant, neither admits, nor denies, the allegations of Paragraph 34, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

35. Defendant, neither admits, nor denies, the allegations of Paragraph 35, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

36. Defendant, neither admits, nor denies, the allegations of Paragraph 36, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

37. Defendant, neither admits, nor denies, the allegations of Paragraph 37, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

38. Defendant, neither admits, nor denies, the allegations of Paragraph 38, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

39. Defendant, neither admits, nor denies, the allegations of Paragraph 39, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

40. Defendant, neither admits, nor denies, the allegations of Paragraph 40, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

41. Defendant, neither admits, nor denies, the allegations of Paragraph 41, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

42. Defendant, neither admits, nor denies, the allegations of Paragraph 42, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

43. Defendant, neither admits, nor denies, the allegations of Paragraph 43, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

44. Defendant, neither admits, nor denies, the allegations of Paragraph 44, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

45. Defendant, neither admits, nor denies, the allegations of Paragraph 45, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

46. Defendant, neither admits, nor denies, the allegations of Paragraph 46, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

47. Defendant, neither admits, nor denies, the allegations of Paragraph 47, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

48. Defendant, neither admits, nor denies, the allegations of Paragraph 48, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

49. Defendant admits the allegations of Paragraph 49.

50. Defendant, neither admits, nor denies, the allegations of Paragraph 50, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

51. Defendant denies the allegations of Paragraph 51, as to herself only, as the allegations stated therein are untrue.

52. Defendant denies the allegations of Paragraph 52(a-j), as to herself only, as the allegations stated therein are untrue.

53. Defendant denies the allegations of Paragraph 53, as to herself only, as the allegations stated therein are untrue.

54. Defendant, neither admits, nor denies, the allegations of Paragraph 54, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

55. Defendant, neither admits, nor denies, the allegations of Paragraph 55, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

56. Defendant, neither admits, nor denies, the allegations of Paragraph 56, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

57. Defendant, neither admits, nor denies, the allegations of Paragraph 57, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

58. Defendant, neither admits, nor denies, the allegations of Paragraph 58, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

59. Defendant, neither admits, nor denies, the allegations of Paragraph 59, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

60. Defendant, neither admits, nor denies, the allegations of Paragraph 60, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

61. Defendant, neither admits, nor denies, the allegations of Paragraph 61, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

62. Defendant, neither admits, nor denies, the allegations of Paragraph 62, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

63. Defendant, neither admits, nor denies, the allegations of Paragraph 63, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

64. Defendant, neither admits, nor denies, the allegations of Paragraph 64, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

65. Defendant, neither admits, nor denies, the allegations of Paragraph 65, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

66. Defendant, neither admits, nor denies, the allegations of Paragraph 66, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

67. Defendant, neither admits, nor denies, the allegations of Paragraph 67, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

68. Defendant, neither admits, nor denies, the allegations of Paragraph 68, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

69. Defendant, neither admits, nor denies, the allegations of Paragraph 69, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

70. Defendant, neither admits, nor denies, the allegations of Paragraph 70, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

71. Defendant, neither admits, nor denies, the allegations of Paragraph 71, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

72. Defendant admits the allegations of Paragraph 72, to the extent that the allegations stated therein allege that there was not a Warrant for Plaintiff's arrest. Defendant neither admits, nor denies, the balance of the allegations of Paragraph 72, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

73. Defendant, neither admits, nor denies, the allegations of Paragraph 73, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

74. Defendant, neither admits, nor denies, the allegations of Paragraph 74, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

75. Defendant, neither admits, nor denies, the allegations of Paragraph 75, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

76. Defendant, neither admits, nor denies, the allegations of Paragraph 76, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

77. Defendant, neither admits, nor denies, the allegations of Paragraph 77, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

78. Defendant, neither admits, nor denies, the allegations of Paragraph 78, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

79. Defendant, neither admits, nor denies, the allegations of Paragraph 79, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

80. Defendant, neither admits, nor denies, the allegations of Paragraph 80, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

81. Defendant, neither admits, nor denies, the allegations of Paragraph 81, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

82. Defendant, neither admits, nor denies, the allegations of Paragraph 82, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

83. Defendant, neither admits, nor denies, the allegations of Paragraph 83, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

84. Defendant admits the allegations of Paragraph 84.

85. Defendant admits the allegations of Paragraph 85.

86. Defendant admits the allegations of Paragraph 86.

87. Defendant, neither admits, nor denies, the allegations of Paragraph 87, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

88. Defendant, neither admits, nor denies, the allegations of Paragraph 88, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

89. Defendant admits the allegations of Paragraph 89 to the extent that the allegations stated therein allege that images of the suspect taken from surveillance videos resembles Plaintiff. Defendant neither admits, nor denies, the balance of the allegations of Paragraph 89, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

90. Defendant, neither admits, nor denies, the allegations of Paragraph 90, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

91. Defendant, neither admits, nor denies, the allegations of Paragraph 91, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

92. Defendant, neither admits, nor denies, the allegations of Paragraph 92, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

93. Defendant, neither admits, nor denies, the allegations of Paragraph 93, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

94. Defendant admits the allegations of Paragraph 94.

95. Defendant admits the allegations of Paragraph 95.

96. Defendant, neither admits, nor denies, the allegations of Paragraph 96, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

97. Defendant admits the allegations of Paragraph 97.

98. Defendant admits the allegations of Paragraph 98.

99. Defendant, neither admits, nor denies, the allegations of Paragraph 99, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

100. Defendant, neither admits, nor denies, the allegations of Paragraph 100, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

101. Defendant, neither admits, nor denies, the allegations of Paragraph 101, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

102. Defendant, neither admits, nor denies, the allegations of Paragraph 102, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

103.   Defendant, neither admits, nor denies, the allegations of Paragraph 103, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

104.   Defendant, neither admits, nor denies, the allegations of Paragraph 104, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

105.   Defendant, neither admits, nor denies, the allegations of Paragraph 105, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

106.   Defendant, neither admits, nor denies, the allegations of Paragraph 106, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

107.   Defendant, neither admits, nor denies, the allegations of Paragraph 107, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

108.   Defendant, neither admits, nor denies, the allegations of Paragraph 108, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

109.   Defendant, neither admits, nor denies, the allegations of Paragraph 109, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

110.   No response necessary as the document referenced in Paragraph 110 speaks for itself.

111.   Defendant denies the allegations of Paragraph 111, as the allegations stated therein are untrue.

112.   Defendant admits the allegations of Paragraph 112.

113.   Defendant, neither admits, nor denies, the allegations of Paragraph 113, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

## COUNT I
## FALSE ARREST AND IMPRISONMENT IN VIOLATION OF THE FOURTH AMENDMENT AND 42 USC § 1983

114.   Defendant, CAREEMA YOPP, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

115.   No response necessary as the Fourth Amendment to the United States Constitution speaks for itself.

116.   Defendant admits the allegations of Paragraph 116, as to herself only.

117.   Defendant denies the allegations of Paragraph 117, as to herself only, as the allegations stated therein are untrue.

18

118.   Defendant denies the allegations of Paragraph 118, as to herself only, as the allegations stated therein are untrue.

119.   Defendant denies the allegations of Paragraph 119, as to herself only, as the allegations stated therein are untrue.

120.   Defendant denies the allegations of Paragraph 120, as to herself only, as the allegations stated therein are untrue.

<div align="center">

**COUNT II**
**ILLEGAL SEARCH AND SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT AND**
**42 USC § 1983**

</div>

121.   Defendant, CAREEMA YOPP, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

122.   No response necessary as the Fourth Amendment to the United States Constitution speaks for itself.

123.   Defendant admits the allegations of Paragraph 123, as to herself only.

124.   Defendant denies the allegations of Paragraph 124, as to herself only, as the allegations stated therein are untrue.

125.   Defendant denies the allegations of Paragraph 125, as to herself only, as the allegations stated therein are untrue.

126.   Defendant denies the allegations of Paragraph 126, as to herself only, as the allegations stated therein are untrue.

127.  Defendant denies the allegations of Paragraph 127, as to herself only, as the allegations stated therein are untrue.

128.  Defendant denies the allegations of Paragraph 128, as to herself only, as the allegations stated therein are untrue.

129.  Defendant denies the allegations of Paragraph 129, as to herself only, as the allegations stated therein are untrue.

<div align="center">

**COUNT III**
**ASSAULT AND BATTERY**

</div>

130.  Defendant, CAREEMA YOPP, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

131.  Defendant denies the allegations of Paragraph 131, as to herself only, as the allegations stated therein are untrue.

132.  Defendant denies the allegations of Paragraph 132, as to herself only, as the allegations stated therein are untrue.

133.  Defendant denies the allegations of Paragraph 133, as to herself only, as the allegations stated therein are untrue.

134.  Defendant denies the allegations of Paragraph 134, as to herself only, as the allegations stated therein are untrue.

135.  Defendant denies the allegations of Paragraph 135, as to herself only, as the allegations stated therein are untrue.

136.   Defendant denies the allegations of Paragraph 136, as to herself only, as the allegations stated therein are untrue.

## COUNT IV
## FALSE LIGHT

137.   Defendant, CAREEMA YOPP, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

138.   Defendant denies the allegations of Paragraph 138, as to herself only, as the allegations stated therein are untrue.

139.   Defendant denies the allegations of Paragraph 139, as to herself only, as the allegations stated therein are untrue.

140.   Defendant denies the allegations of Paragraph 140, as to herself only, as the allegations stated therein are untrue.

141.   Defendant denies the allegations of Paragraph 141, as to herself only, as the allegations stated therein are untrue.

142.   Defendant denies the allegations of Paragraph 142, as the allegations stated therein are untrue.

143.   Defendant denies the allegations of Paragraph 143, as to herself only, as the allegations stated therein are untrue.

144.   Defendant denies the allegations of Paragraph 144, as to herself only, as the allegations stated therein are untrue.

145.   Defendant denies the allegations of Paragraph 145, as to herself only, as the allegations stated therein are untrue.

<div align="center">

**COUNT V**
**FAILURE TO INVESTIGATE AND SUPPRESSION OF EXCULPATORY EVIDENCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 USC § 1983**

</div>

146.   Defendant, CAREEMA YOPP, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

147.   Defendant admits the allegations of Paragraph 147.

148.   Defendant, neither admits, nor denies, the allegations of Paragraph 148(a-f), for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

149.   Defendant, neither admits, nor denies, the allegations of Paragraph 149, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

150.   Defendant, neither admits, nor denies, the allegations of Paragraph 150, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

151.   Defendant, neither admits, nor denies, the allegations of Paragraph 151, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

152.  Defendant, neither admits, nor denies, the allegations of Paragraph 152, for lack of sufficient information upon which she may formulate a response, but leaves Plaintiff to her proofs.

### COUNT VI
### MONELL CLAIM 42 USC § 1983 MUNICIPAL/SUPERVISORY LIABILITY

153.  Defendant, CAREEMA YOPP, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

154.  Defendant denies the allegations of Paragraph 154, as the allegations stated therein are untrue.

155.  Defendant denies the allegations of Paragraph 155(a-h), as the allegations stated therein are untrue.

156.  Defendant denies the allegations of Paragraph 156, as the allegations stated therein are untrue.

157.  Defendant denies the allegations of Paragraph 157, as the allegations stated therein are untrue.

158.  Defendant denies the allegations of Paragraph 158, as the allegations stated therein are untrue.

159.  Defendant denies the allegations of Paragraph 159, as the allegations stated therein are untrue.

160.  Defendant denies the allegations of Paragraph 160, as the allegations stated therein are untrue.

## COUNT VII
## FAILURE TO INTERVENE

161.   Defendant, CAREEMA YOPP, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

162.   Defendant denies the allegations of Paragraph 162, as to herself only, as the allegations stated therein are untrue.

163.   Defendant denies the allegations of Paragraph 163, as to herself only, as the allegations stated therein are untrue.

164.   Defendant denies the allegations of Paragraph 164, as to herself only, as the allegations stated therein are untrue.

165.   Defendant denies the allegations of Paragraph 165, as the allegations stated therein are untrue.

166.   Defendant denies the allegations of Paragraph 166, as to herself only, as the allegations stated therein are untrue.

167.   Defendant denies the allegations of Paragraph 167, as to herself only, as the allegations stated therein are untrue.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

168.   Defendant, CAREEMA YOPP, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

169.   Defendant denies the allegations of Paragraph 169, as to herself only, as the allegations stated therein are untrue.

170.   Defendant denies the allegations of Paragraph 170, as to herself only, as the allegations stated therein are untrue.

171.   Defendant denies the allegations of Paragraph 171, as to herself only, as the allegations stated therein are untrue.

172.   Defendant denies the allegations of Paragraph 172, as to herself only, as the allegations stated therein are untrue.

173.   Defendant denies the allegations of Paragraph 173, as to herself only, as the allegations stated therein are untrue.

**WHEREFORE**, Defendant, CAREEMA YOPP, respectfully requests that this Honorable Court enter a judgment no cause of action, or in the alternative, that the present cause be dismissed, with prejudice, with costs and attorneys' fees awarded to Defendant.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

Dated: October 15, 2025         /s/     Gregory B. Paddison
                                        Gregory B. Paddison (P75963)
                                        Attorney for Defendant

25

## <u>RELIANCE ON JURY DEMAND</u>

**NOW COMES**, Defendant, CAREEMA YOPP, by and through her attorney, Gregory B. Paddison, and hereby gives notice of her reliance on Plaintiff's demand for trial by jury.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

Dated: October 15, 2025          /s/   <u>Gregory B. Paddison</u>
Gregory B. Paddison (P75963)
Attorney for Defendant

<u>**DEMAND FOR COMPULSORY JOINDER**</u>

**NOW COMES**, Defendant, CAREEMA YOPP, by and through her attorney, Gregory B. Paddison, and demands that Plaintiff join any and all claims arising out of the transactions, acts, or occurrences, allegedly giving rise to the present action.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

Dated: October 15, 2025          /s/     <u>Gregory B. Paddison</u>
Gregory B. Paddison (P75963)
Attorney for Defendant

## AFFIRMATIVE DEFENSES

**NOW COMES**, Defendant, CAREEMA YOPP, by and through her attorney, Gregory B. Paddison, and states her Affirmative Defenses as follows:

1. That Defendant, CAREEMA YOPP, is individually immune pursuant to MCL § 691.1404 *et seq*. for the following reasons:

   a. That CAREEMA YOPP is an employee of CITY OF DETROIT and was working in the course of his or her employment and within the scope of his or her authority when the incident allegedly occurred;

   b. That CITY OF DETROIT is, and was at the time the incident allegedly occurred, a governmental agency;

   c. That at the time of the alleged incident herein complained of, CITY OF DETROIT was engaged in the exercise or discharge of a governmental function; and

   d. That CAREEMA YOPP'S conduct did not amount to gross negligence that was the proximate cause of the alleged injury or damage.

2. Plaintiff has failed to set forth a cause of action upon which relief can be granted.

3. Plaintiff has failed to mitigate his alleged damages.

4. The Defendant is, or may be, without jurisdiction.

5. Plaintiff's claims are, or may be barred by the applicable statute of limitations.

6. Plaintiff's claims are, or may be barred for failure to exhaust statutory, administrative, and/or other available remedies.

7. Plaintiff has failed to join every legal or equitable claim which arises out of the alleged transaction or occurrence which is the subject matter of Plaintiff's instant action.

8. CAREEMA YOPP was, at all times alleged in Plaintiff's Complaint, a duly qualified, appointed and acting Police Officer of CITY OF DETROIT and Peace Officer of the State of Michigan, and that all times alleged in Plaintiff's Complaint, CAREEMA YOPP was engaged in the performance of his or her regularly assigned duties as such and he or she is therefore entitled to Qualified Immunity.

9. That CAREEMA YOPP, at all times alleged in Plaintiff's Complaint, acted in good faith and without malice and within the scope of his or her duties as a Police Officer of CITY OF DETROIT and Peace Officer of the State of Michigan and he or she is therefore entitled to Qualified Immunity.

10. That any alleged injuries to Plaintiff was due to and caused by the negligence and/or omission of the Plaintiff to care for himself or herself which carelessness, and/or negligence, and/or omissions were the proximate cause of the damage, if any, to the Plaintiff.

11. That any injuries or damages suffered by Plaintiff was caused by reason of Plaintiff's wrongful acts and conduct and/or the willful resistance to a Peace Officer in the discharge, and/or attempt to discharge his or her office, and not by reason of any unlawful acts of omissions of CAREEMA YOPP.

12. The actions of CAREEMA YOPP were lawful and proper, and probable cause existed for the execution of the search and arrest of Plaintiff, and Plaintiff's property, and he or she is therefore entitled to Qualified Immunity.

13. The actions of CAREEMA YOPP were reasonable, proper and legal and he or she is therefore entitled to Qualified Immunity.

14. CAREEMA YOPP had reasonable cause to believe that an offense had been committed and that Plaintiff had committed the offense and he or she is therefore entitled to Qualified Immunity.

15. If the Plaintiff sustained any injuries, damage, or loss, the same was solely and proximately occasioned by the carelessness, heedlessness and negligence of the Plaintiff in failing to act in a reasonable, prudent manner, acting without due care and circumspection and in a manner dangerous to or likely to endanger Plaintiff's own safety, and not because of any act or omission of, or chargeable to, CAREEMA YOPP.

16. That CAREEMA YOPP is entitled to Qualified Immunity against the claims set forth against him or her in this action.

17. That the conduct complained of was not clearly established as being unconstitutional and CAREEMA YOPP is therefore entitled to Qualified Immunity

18. CAREEMA YOPP, by and through his or her undersigned counsel, does not waive any deficiency or omission in any pleadings heretofore or hereafter filed by any

other party to the above-captioned matter, and hereby reserves the right to assert and file any additional affirmative and special defenses as may become known through discovery proceedings in accordance with the rules and practices of this Court, or otherwise.

      **WHEREFORE**, Defendant, CAREEMA YOPP, respectfully requests that this Honorable Court enter a judgment no cause of action, or in the alternative, that the present cause be dismissed, with prejudice, with costs and attorneys' fees awarded to Defendant.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

/s/    Gregory B. Paddison

Dated: October 15, 2025           Gregory B. Paddison (P75963)
Attorney for Defendant

## DEMAND FOR REPLY

Defendant, CAREEMA YOPP, demands a reply to each and every Affirmative

Defense set forth herein.

<div style="margin-left:40%">

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

</div>

Dated: October 15, 2025    /s/    Gregory B. Paddison
Gregory B. Paddison (P75963)
Attorney for Defendant

32