UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHEASTERN DIVISION

| | |
|---|---|
| LADONNA CRUTCHFIELD,<br>    Plaintiff, | Hon. Brandy R. McMillon<br>Case No.: 25-cv-10514 |
| - vs - | |
| CITY OF DETROIT, *et al*,<br>    Defendants. | |

| | |
|---|---|
| LAW OFFICES OF IVAN L. LAND, P.C.,<br>Ivan L. Land Sr. (P65879)<br>Attorney for Plaintiff<br>25900 Greenfield, Rd., Ste. 210<br>Oak Park, MI 48237<br>(248) 968-4545<br>Ill4law@aol.com | CITY OF DETROIT LAW DEPARTMENT<br>Gregory B. Paddison (P75963)<br>Attorney for Defendants<br>Coleman A. Young Municipal Center<br>2 Woodward Avenue, Suite 500<br>Detroit, MI 48226<br>(313) 237-0435<br>paddisong@detroitmi.gov |

**DEFENDANTS' MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS AND FILE MEDIA EXHIBIT**

**NOW COME**, Defendants, CITY OF DETROIT, MARC THOMPSON, ANTHONY WILLIAMS, DORAIN HARDY, JEREMY MORROW, JOSHUA HOLDER, MATTHEW MCKINNEY, SABRINA CARRION, and CAREEMS YOPP, by and through their attorney, Gregory B. Paddison, and hereby move:

- Under L.R. 7.1(d)(3)(A) for leave to file a Brief in support of Defendants' Motion for Summary Judgment that exceeds the twenty-five (25) page limit; and

- Pursuant to the Eastern District of Michigan's Electronic Filing Policies and Procedures Rule 19(c), to file one (1) video exhibits through the Media File Upload Portal, in support of Defendants' forthcoming Motion for Summary Judgment.

In support of its application, Defendants state the following:

## LOCAL RULE CERTIFICATION

The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief requested, **which counsel for Plaintiff has granted**. Local Rule 7.1(a).

I, Gregory B. Paddison, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller that 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## PROCEDURAL SUMMARY

1. This lawsuit was filed on January 21, 2025, and arises out of Plaintiff's arrest on January 23, 2024. ECF No.: 1. Immediately after Plaintiff's Complaint was filed, Plaintiff filed an Amended Complaint, also on January 21, 2025. ECF No.: 3.

2. On June 3, 2025, counsel stipulated to Dismissal of the "Official Capacity" claims against the individually named Defendant Officers. ECF No.: 15.

3. On July 28, 2025, this Honorable Court entered its Scheduling Order in this matter, bifurcating Discovery and Dispositive Motions into two (2) phases. ECF No.: 30. The first being limited to the issue of qualified immunity and the second phase, *if necessary*, addressing Plaintiff's *Monell* claim and alleged damages. *Id.*[1]

---

[1] *v. Department of Social Services*, 436 US 658 (1978).

4. After preliminary discovery, the parties also stipulated to Plaintiff's filing a "Second Amended Verified Complaint." ECF No.: 31.

5. In this Complaint, Plaintiff asserts one-hundred seventy-three (173) allegations, across eight (8) causes of action, against a total of nine (9) named Defendants: i) False Arrest and Imprisonment; ii) Illegal Search and Seizure; iii) Assault and Battery; iv) False Light; v) Failure to Investigate and Suppression of Exculpatory Evidence; vi) Municipal Liability (*Monell*); vii) Failure to Intervene; and viii) Intentional Infliction of Emotional Distress.

## MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS

6. Local Rule 7.1(d)(3)(A) generally provides for a twenty-five (25) page limit for dispositive motions. However, the Rule also provides that a party "seeking to file a longer brief may apply *ex parte* in writing setting forth the reasons." L.R. 7.1(d)(3)(A).

7. Defendants' "Phase I" Dispositive Motion deadline is March 6, 2026. ECF No.: 30.

8. On February 13, 2026, in accordance with L.R. 7.1, counsel for Defendants sought concurrence in the relief requested in Defendants' forthcoming dispositive Motion. No concurrence for the dismissal of any claims or Defendants was provided.

9. Although the legal issues raised in this action are not overly complex, due to the sheer number of claims, allegations, and Defendants, coupled with the fact driven nature of the legal arguments set forth therein, in order to fully respond to all allegations and claims set forth in Plaintiff's Complaint, Defendants must a lengthy Factual Summary, Standard of Review, Argument, and Conclusion.

10. Defendants submit that this extension request is not for an improper purpose.

11. Judges in the Eastern District of Michigan have granted such motions where appropriate.[2]

12. Defendants request that the Court extend the page limitation to allow them to file their Brief in Support of their forthcoming Motion, which no greater than thirty-five (35) pages, including the statement of facts, standards of review, arguments, and signatures, for the following reasons:

   i. The factual issues raised by Plaintiff's Complaint require a detailed analysis of numerous documents, facts, cases and legal arguments and doctrines.

   ii. Defendants' proposed Brief in Support of their Motion addresses, as concisely as possible, all the issues raised by Plaintiff.

   iii. Plaintiff shall not be prejudiced by granting Defendants' request for an extension of the page limit, because Plaintiff will still have the opportunity to file a Brief in Response to Defendants' dispositive motion and to present argument in opposition to the Defendants' motion at the hearing scheduled

---

[2] See, e.g., *Park W Galleries, Inc v Glob. Fine Art Registry, LLC*, No. 08-12247, 2010 WL 742580, at *1 (ED Mich February 26, 2010); *Auramet Intl, LLC v Brink's US*, No. 16-CV-13630, 2016 WL 6138613, at *1 (ED Mich October 21, 2016).

      on said motion. In addition, Defendants will stipulate to allow Plaintiff a similar extension of the page limit applicable to their Response Brief, should Plaintiff determine that this is necessary to adequately respond to Defendants' dispositive motion.

  iv.    It is simply not possible to adequately address all of the facts and issues related to all of the claims asserted against Defendants within the normal page limitation set forth in L.R. 7.1(c)(3).

  v.    Justice will be served by allowing the allowing the most thorough analysis of the claims and issues involved in this case as possible. Conversely, justice will not be served by preventing Defendants from thoroughly defending the claims made against them in this case.

13. **As originally written, Defendants' Brief spanned more than forty-eight (48) pages**, but has been revised several times. Currently, Defendants' Brief is thirty-eight (38) pages, with additional revisions ongoing to even remove all but the most necessary arguments.

### MOTION FOR LEAVE TO FILE MEDIA EXHIBITS

**A.** **Description of Content & Explanation of Relevance:** Where video recordings of a disputed event are available, the Court should "view[] the facts in the light depicted by the videotape" [*Marvin v. City of Taylor,* 509 F3d 234, 239 (6th Cir 2007)] because the existence of a recording of an event can make "the underlying facts of the case … undisputed." *Dunn v. Matatall,* 549 F3d 348, 350 (6th Cir 2008).

In support of Defendants' forthcoming Motion for Summary Judgment, Defendants requests leave of this Honorable Court to file one (1) video Exhibit, the body-worn camera ("BWC") footage of Defendant, Anthony Williams ("Officer

5

Williams"), capturing the facts and circumstances of Plaintiff's arrest on January 23, 2024.

At said date and time, Officer Williams was the officer-in-charge ("OIC") of the Fugitive Apprehension Services Team ("FAST"), that was assigned the task of apprehending Plaintiff. This coming after Defendant, Marc Thompson ("Det. Thompson"), the OIC of the underlying criminal investigation in which Plaintiff was identified as a suspect, determined that probable cause for Plaintiff's arrest existed.

Counts I-IV and VII-VIII assert claims related to the conduct of Officer Williams and the FAST Officers under his span of control, relating to their conduct at the time Plaintiff was arrested, all of which was captured by Officer Williams BWC.

**B.** **Court Proceedings:** Upon information and belief, the proposed exhibit was not used in any of the criminal proceedings related to this event and to date, the proposed media exhibit has not been used in any proceeding in this matter.

Aside from oral argument on Defendants' forthcoming Motion for Summary Judgment, should the Court proceed with oral argument, Defendants anticipate that the proposed media exhibit would be made exhibits at trial and/or in hearings on Motions in Limine, should they be necessary.

**C.** **Redactions:** In accordance with Fed. R. Civ. Proc. 5.1 and Administrative Order No.: 07-AO-030, "the content of the media file(s) complies with the protections outlined in the E-Government Act of 2002 and all other applicable law,"

and no additional redactions are necessary.

## Brief

**Now Come**, Defendants, CITY OF DETROIT, MARC THOMPSON, ANTHONY WILLIAMS, DORAIN HARDY, JEREMY MORROW, JOSHUA HOLDER, MATTHEW MCKINNEY, SABRINA CARRION, and CAREEMS YOPP, by and through their attorney, Gregory B. Paddison, and for their Brief in Support of Defendants' Motion for Leave to Exceed Page Limitation and File Media Exhibit, hereby rely on the statements of fact and law set forth in the accompanying Motion and the sound discretion of this Honorable Court.

## Conclusion

**Wherefore**, Defendants, CITY OF DETROIT, MARC THOMPSON, ANTHONY WILLIAMS, DORAIN HARDY, JEREMY MORROW, JOSHUA HOLDER, MATTHEW MCKINNEY, SABRINA CARRION, and CAREEMS YOPP, respectfully request that the Honorable Court grant their to Exceed Page Limitation and File Media Exhibit, and grant such additional relief as the Court deems equitable and appropriate.

Respectfully Submitted,<br>
CITY OF DETROIT LAW DEPARTMENT

Dated: March 2, 2026 /s/ Gregory B. Paddison
Gregory B. Paddison (P75963)
Attorney for Defendants