## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN – SOUTHEASTERN DIVISION

LaDonna Crutchfield,                          Hon. Brandy R. McMillon
    Plaintiff,                            Case No.: 25-cv-10514

- vs -

City of Detroit, *et al*,
    Defendants.

_____/

Law Offices of Ivan L. Land, P.C.,    City of Detroit Law Department
Ivan L. Land Sr. (P65879)             Gregory B. Paddison (P75963)
Attorney for Plaintiff                Attorney for Defendants
25900 Greenfield, Rd., Ste. 210       Coleman A. Young Municipal Center
Oak Park, MI 48237                    2 Woodward Avenue, Suite 500
(248) 968-4545                        Detroit, MI 48226
Ill4law@aol.com                       (313) 237-0435
                                      paddisong@detroitmi.gov

_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### *** ORAL ARGUMENT REQUESTED ***

**Now Come**, Defendants, City of Detroit, Marc Thompson, Anthony Williams, Dorain Hardy, Jeremy Morrow, Joshua Holder, Matthew McKinney, Sabrina Carrion, and Careems Yopp, by and through their attorney, Gregory B. Paddison, and for Defendants' Motion for Summary Judgment, Defendants rely upon the statements of fact and law, as set forth in the accompanying Brief.

## TABLE OF CONTENTS

Table of Contents ……………………………………………………………ii
Local Rule Certification …………………………………………………………...iv
Issues Presented …………………………………………………………………v
Table of Authorities ………………………………………………………...viii
Procedural Summary & Summary of the Pleadings ……………………………...xi
Brief........................................................................................................................1

   I.  Factual Background …………………………………………………...…...1

   II.  Standard of Review …………………………………………….........…..9

   III. Argument……………….……………………………………………...……..10

      A.  Summary Judgment should be Granted in Favor of Defendants as to Count I (False Arrest & Imprisonment) as to:

          i.  Ofc. Yopp, for lack of material personal involvement? ……..10

          ii.  The FAST Officers, premised upon Qualified Immunity and their good-faith reliance on the "Fellow Officer Rule?" …….11

          iii.  All Defendant Officers as Probable Cause Existed for Plaintiff's Arrest and/or because the Officers are entitled to Qualified Immunity? …........................................................14

      B.  Summary Judgment should be Granted in Favor of Defendants as to Count II (Search & Seizure) as to:

          i.  All Defendants, save only Officer Carrion, for lack of material personal involvement?.................,...........................................20

          ii.  All Defendant Officers as the Search of Plaintiff was done incident to a lawful arrest and/or because the Officers are entitled to Qualified Immunity? .............................................21

      C.  Summary Judgment should be Granted in Favor of Defendants as to Count III (Assault & Battery) as to:

i. Det. Thompson & Ofc. Yopp for Absence of Physical Contact?....................................................................................23

ii. The FAST Officers, as the Physical Contact used was the minimum amount of force necessary, such that the Officers actions are privileged and they are entitled to Qualified Immunity? ............................................................................24

D. Summary Judgment should be Granted in Favor of Defendants as to Count IV (False Light) as there was no "Public Disclosure" aside from Plaintiff's arrest? ..................................................................25

E. Should Summary Judgment be Granted in in Favor of Defendants as to County V (Failure to Investigate & Suppression of Evidence) as this claim is duplicative of Plaintiff's False Arrest Claim (Count I) and no Evidence was Suppressed and nor charges against Plaintiff were filed? ………………………………………………………………….27

F. Summary Judgment should be Granted in Favor of Defendants as to Count VI (*Monell*) as No Municipal Liability can attach without an underlying Constitutional Violation? ………………………………..29

G. Summary Judgment should be Granted in Favor of Defendants as to Count VII (Duty to Intervene) as:

i. All Defendant Officers as Probable Cause Existed for Plaintiff's Arrest and/or because the Officers are entitled to Qualified Immunity?..............................................................30

ii. To Ofc. Yopp, as there was no opportunity to Intervene? …...31

H. Should Summary Judgment be Granted in Favor of Defendants as to Count VIII (Intentional Infliction of Emotional Distress) as to all Defendant Officers as the Officers' Conduct was Objective Reasonable, rather than Extreme and Outrageous, and the Officers are entitled to Qualified Immunity? …………………………………......32

I. Municipal (*Monell*) Claims & Reservation …………….....………..33

Conclusion ..................................................................................................35

## LOCAL RULE CERTIFICATION

The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and three business days have lapsed without opposing counsel expressly agreeing to the relief, orally or in writing.  Local Rule 7.1(a).

I, Gregory B. Paddison, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller that 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## ISSUES PRESENTED

**1) SHOULD SUMMARY JUDGMENT BE GRANTED IN FAVOR OF DEFENDANTS AS TO COUNT I (FALSE ARREST & IMPRISONMENT) AS TO:**

    **a. Ofc. Yopp, for lack of material personal involvement?**

    **b. The FAST Officers, premised upon Qualified Immunity and their good-faith reliance on the "Fellow Officer Rule?"**

    **c. All Defendant Officers as Probable Cause Existed for Plaintiff's Arrest and/or because the Officers are entitled to Qualified Immunity?**

| | |
|---|---|
| Defendants Respond: | Yes. |
| Plaintiff Presumably Responds: | No. |

**2) SHOULD SUMMARY JUDGMENT BE GRANTED IN FAVOR OF DEFENDANTS AS TO COUNT II (SEARCH & SEIZURE) AS TO:**

    **a. All Defendants, save only Ofc. Carrion, for lack of material personal involvement?**

    **b. All Defendant Officers as the Search & Seizure of Plaintiff was done incident to a lawful arrest and/or because the Officers are entitled to Qualified Immunity?**

| | |
|---|---|
| Defendants Respond: | Yes. |
| Plaintiff Presumably Responds: | No. |

**3) SHOULD SUMMARY JUDGMENT BE GRANTED IN FAVOR OF DEFENDANTS AS TO COUNT III (ASSAULT & BATTERY) AS TO:**

    **a. Officers Thompson & Yopp for Absence of Physical Contact?**

    **b. The FAST Officers, as the Physical Contact used was the minimum amount of force necessary, such that the Officers actions are privileged and they are entitled to Qualified Immunity?**

| | |
|---|---|
| Defendants Respond: | Yes. |
| Plaintiff Presumably Responds: | No. |

**4) SHOULD SUMMARY JUDGMENT BE GRANTED IN FAVOR OF DEFENDANTS AS TO COUNT IV (FALSE LIGHT) AS THERE WAS NO "PUBLIC DISCLOSURE" ASIDE FROM PLAINTIFF'S ARREST?**

Defendants Respond:                  Yes.
Plaintiff Presumably Responds:    No.

**5) SHOULD SUMMARY JUDGMENT BE GRANTED IN FAVOR OF DEFENDANTS AS TO COUNT V (FAILURE TO INVESTIGATE & SUPPRESSION OF EVIDENCE) AS THIS CLAIM IS DUPLICATIVE OF PLAINTIFF'S FALSE ARREST CLAIM (COUNT I) AND NO EVIDENCE WAS SUPPRESSED AND NO CHARGES AGAINST PLAINTIFF WERE FILED?**

Defendants Respond:                  Yes.
Plaintiff Presumably Responds:    No.

**6) SHOULD SUMMARY JUDGMENT BE GRANTED IN FAVOR OF DEFENDANTS AS TO COUNT VI (*MONELL*) AS NO MUNICIPAL LIABILITY CAN ATTACH WITHOUT AN UNDERLYING CONSTITUTIONAL VIOLATION?**

Defendants Respond:                  Yes.
Plaintiff Presumably Responds:    No.

**7) SHOULD SUMMARY JUDGMENT BE GRANTED IN FAVOR OF DEFENDANTS AS TO COUNT VII (DUTY TO INTERVENE) AS TO:**

**a. All Defendant Officers as Probable Cause Existed for Plaintiff's Arrest and/or because the Officers are entitled to Qualified Immunity?**

**b. To Ofc. Yopp, as there was no opportunity to Intervene?**

Defendants Respond:                  Yes.
Plaintiff Presumably Responds:    No.

**8) SHOULD SUMMARY JUDGMENT BE GRANTED IN FAVOR OF DEFENDANTS AS TO COUNT VIII (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) AS TO ALL DEFENDANT OFFICERS AS THE OFFICERS' CONDUCT WAS OBJECTIVE REASONABLE, RATHER THAN EXTREME AND OUTRAGEOUS, AND THE OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY?**

Defendants Respond:          Yes.
Plaintiff Presumably Responds:    No.

## TABLE OF AUTHORITIES

FEDERAL RULES OF CIVIL PROCEDURE

1. Fed. R. Civ. P. 56

CONSTITUTIONAL AUTHORITY
1. U.S. Const. Amend. IV
2. U.S. Const. Amend. XIV

FEDERAL STATUTORY AUTHORITY

1. 42 USC § 1983

UNITED STATES SUPREME COURT AUTHORITY

1. *Anderson v. Creighton,* 483 U.S. 635 (1987)
2. *Anderson v Liberty Lobby, Inc.*, 477 US 242 (1986)
3. *Baker v. McCollan*, 443 U.S. 137 (1979)
4. *Chimel v. California,* 395 U.S. 752 (1969)
5. *City of Los Angeles v. Heller,* 475 US 796 (1986)
6. *Devenpeck v. Alford,* 543 U.S. 146 (2004)
7. *Florida v. Jardines*, 569 U.S. 1 (2013)
8. *Graham v. Connor,* 490 U.S. 386 (1989)
9. *Katz v. United States,* 389 U.S. 347 (1967)
10. *Matasushita Electric Ind. Co., Ltd. v Zenith Radio Corp.*, 475 US 574 (1986)
11. *Monell v Department of Social Services*, 436 US 658 (1978)
12. *United States v. Hensley*, 469 U.S. 221 (1985)
13. *Wallace v. Kato,* 549 U.S. 384 (2007)
14. *Wilson v. Layne,* 526 U.S. 603 (1999)

6TH CIRCUIT AUTHORITY

1. *Ahlers v. Schebil*, 188 F.3d 365 (6th Cir. 1999)
2. *Anderson v. Antal,* 191 F.3d 451 (6th Cir.1999)
3. *Bonner-Turner v. City of Ecorse*, 627 FedAppx 400 (6th Cir 2015)
4. *Brown v. Lewis,* 779 F.3d 401 (6th Cir. 2015)
5. *Burgess v. Fischer*, 735 F3d 462 (6th Cir 2013)
6. *Everson v. Leis,* 556 F.3d 484 (6th Cir. 2009)
7. *Gardenhire v. Schubert*, 205 F.3d 303 (6th Cir. 2000)

8.  *Ghandi v. Police Dep't of Detroit,* 747 F.2d 338 (6th Cir.1984)
9.  *Guiterrez v Lynch*, 826 F2d 1534 (6th Cir 1987)
10. *Hardesty v. Hamburg Township*, 461 F.3d 646 (6th Cir. 2006)
11. *Horton v Potter*, 369 F3d 906 (6th Cir 2004)
12. *Johnson v. Morales*, 946 F.3d 911 (6th Cir. 2020)
13. *Johnson v. Moseley*, 790 F.3d 649 (6th Cir. 2015)
14. *Kendell v Hoover Co.*, 751 F2d 171 (6th Cir 1984)
15. *Kennedy v. City of Villa Hills, Ky.,* 635 F.3d 210 (6th Cir. 2011)
16. *McCune v. City of Grand Rapids*, 842 F.2d 903 (6th Cir. 1988)
17. *Robertson v. Lucas*, 753 F3d 606 (6th Cir 2014)
18. *Sagan v United States*, 342 F3d 493 (6th Cir 2003)
19. *Sexton v. Cernuto*, 18 F.4th 177 (6th Cir. 2021)
20. *Scott v. Clay Cnty., Tenn.,* 205 F.3d 867 (6th Cir 2000)
21. *Stahl v. Czernik*, 496 F. App'x 621 (6th Cir. 2012)
22. *Thacker v. City of Columbus*, 328 F.3d 244 (6th Cir. 2003)
23. *United States v. Butler*, 223 F.3d 368 (6th Cir. 2000)
24. *United States v. Lyons*, 687 F.3d 754 (2012)
25. *Voyticky v. Village of Timberlake, Ohio,* 412 F.3d 669 (6th Cir.2005)
26. *Wilson v. Collins,* 517 F.3d 421 (6th Cir.2008)

## OTHER CIRCUIT AUTHORITY

1.  *Oliver v. Woods,* 209 F.3d 1179 (10th Cir.2000)
2.  *Rodriguez v. New York*, 291 F. Supp. 3d 396 (S.D.N.Y. 2018)
3.  *Sharrar v. Felsing,* 128 F.3d 810 (3d Cir.1997)
4.  *Stearns v. Clarkson,* 615 F.3d 1278 (10th Cir.2010)
5.  *United States v. Acevedo,* 627 F.2d 68 (7th Cir.1980)

## DISTRICT COURT AUTHORITY

1.  *Akima v. Peca*, 652 F. Supp. 3d 848 (E.D. Mich. 2023)
2.  *Black v. City of Royal Oak*, 2024 WL 4220711 (E.D. Mich. Sept. 17, 2024)
3.  *Fleming v. Scruggs*, 465 F. Supp. 3d 720 (E.D. Mich. 2020)
4.  *McLeod v. Bender,* 2015 WL 1470071 (E.D. Mich. Mar. 30, 2015)
5.  *Raggs v. Pittsfield Charter Twp.*, 2016 WL 3626807 (E.D. Mich. July 7, 2016)
6.  *United States v. Gholston*, 993 F. Supp. 2d 704 (E.D. Mich. 2014)

## STATE STATUTORY AUTHORITY

1.  MCL § 28.176

2.  MCL § 691.1407(2)

STATE COURT AUTHORITY
1.  *Clarke v. K–Mart Corp.,* 197 Mich.App. 541 (1992)
2.  *Derderian v. Genesys Health Care Sys.*, 263 Mich. App. 364, 385 (2004)
3.  *Detroit Free Press, Inc., v. Oakland Co. Sheriff*, 164 Mich. App. 656 (1987)
4.  *Doe v. Mills*, 212 Mich. App. 73 (1995)
5.  *Duran v. Detroit News, Inc.*, 200 Mich. App. 622 (1993)
6.  *People v. Hanna,* 223 Mich.App. 466 (1997)
7.  *Roberts v. Auto-Owners Ins Co.*, 422 Mich. 594 (1985)
8.  *Smith v. Dept. of Public,* 428 Mich. 540 (1987)
9.  *Tinkler v. Richter,* 295 Mich. 396 (1940)
10. *VanVorous v. Burmeister*, 262 Mich. App. 467 (2004)
11. *Walsh v. Taylor*, 263 Mich. App. 618 (2004)

OTHER
1.  *Merriam-Webster's Collegiate Dictionary* (11th ed.)

### RELEVANT PROCEDURAL SUMMARY & SUMMARY OF THE PLEADINGS

This lawsuit was filed on January 21, 2025, arising out of Plaintiff's arrest on January 23, 2024. ECF No.: 1.  On June 3, 2025, the parties stipulated to Dismissal of the "Official Capacity" claims against the Defendant Officers. ECF No.: 15.

On July 28, 2025, this Honorable Court entered its Scheduling Order, bifurcating Discovery and Dispositive Motions into two (2) phases. ECF No.: 30.  The first, limited to the issue of qualified immunity and the second, *if necessary*, addressing Plaintiff's *Monell* claim and alleged damages. *Id*.[1]

On September 12, 2025, the parties stipulated to Plaintiff's filing a "Second Amended Verified Complaint," in which Plaintiff asserts eight (8) causes of action: (1) False Arrest and Imprisonment; (2) Illegal Search and Seizure; (3) Assault and Battery; (4) False Light; (5) Failure to Investigate and Suppression of Exculpatory Evidence; (6) Municipal Liability (*Monell*); (7) Failure to Intervene; and (8) Intentional Infliction of Emotional Distress. ECF No.: 31.

Phase One of Discovery is complete, and despite the good-faith efforts of the parties to reach a resolution, the parties find it necessary to proceed with Dispositive Motions.

---

[1] *v. Department of Social Services*, 436 US 658 (1978).