UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LADONNA CRUTCHFIELD, | Case No: 25-CV-10514 |
| | Hon. Brandy McMillion |
| Plaintiffs, | |
| -v- | |
| CITY OF DETROIT, MARC THOMPSON ANTHONY WILLIAMS, DORIAN HARDY JEREMY MORROW, JOSHUA HOLDER, MATTHEW MCKINNEY, CAREEMA YOPP SABRINA CARRION | |
| Defendants. | |

## Reply Brief

There are four main arguments as to why summary judgment is appropriate: (1) probable cause existed to arrest Plaintiff; (2) qualified immunity applies even absent probable cause; (3) Defendants are entitled to governmental immunity relating to the state claims because they acted in good faith and (4) there is no articulated claim of an unconstitutional policy or custom against the City.

### 1. Probable cause existed

Plaintiff contends that probable cause did not exist, therefore a triable issue exists. Defendants laid out all of the evidence establishing probable cause. ECF No. 55-1, PageID. 798-803. Plaintiff does not dispute the evidence exists but claims that failing to investigate purportedly exculpatory evidence defeats probable

1

cause and that it was clearly established that police have a constitutional duty to investigate exculpatory evidence after probable cause is established.

Plaintiff claims the witnesses inability to identify Plaintiff was exculpatory evidence that defeated probable cause. However, the Sixth Circuit has upheld qualified immunity under similar facts. See *Stahl v Czernik*, 496 F.App'x 621 (6th Cir 2012). Plaintiff has the burden to point to clearly established law that under similar facts and no reasonable officer would believe they have probable cause. In the present case, the similarities of Plaintiff's appearance, vehicle, aliases, and having a similarly aged child are all sufficient for probable cause. There is no constitutional requirement that the officer seek out exculpatory evidence once probable cause is determined.

Plaintiff argues the Defendatns made deliberate falsehoods about the reason for her arrest, violating the constitution. ECF No. 61, PageID. 993 citing *Franks v Delaware*, 438 US 154 (1978). However, *Franks* involved a false statement in a warrant affidavit, not a warrantless arrest. The Supreme Court in *Devenpeck v. Alford*, makes explicitly clear that the officers do not have to provide the reason for the arrest. 543 US 146, 154 (2004). The Court held "while it is assuredly good police practice to inform a person of the reason for his arrest at the time he is taken into custody, we have never held that to be constitutionally required." *Id.* at 155.

To support her assertion that there is a constitutional requirement to investigate after probable cause is determined, Plaintiff cites *Gardenhire v Schubert*, 205 F.3d 303 (6th Cir. 2000) and *Radvansky v. City of Olmsted Falls*, 395 F.3d 291 (6th Cir. 2000). Plaintiff's purported quotation of *Gardenhire* that an officer cannot "ignore information . . . that tends to negate probable cause" (PageID. 995) does not appear anywhere in the case. In fact, the Court held the opposite, citing the Supreme Court stating "we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence." *Id.* at 316 quoting *Baker v. McCollan*, 443 U.S. 137, 145 (1979). Plaintiff neglects to cite the relevant portion of the case where the Court specifically stated it was "not adding a duty to investigate as a factor for the establishment of probable cause. This Court recognizes that an officer does not have to investigate independently every claim of innocence." 205 F.3d at 318.

Plaintiffs' reliance on *Radvansky* is similarly flawed. That case involved a landlord-tenant dispute and the Court reiterated that once an officer has probable cause, there is "no duty to investigate further or look for additional evidence which may exculpate the accused." 395 F.3d at 308.

## 2. Qualified immunity applies absent probable cause

Defendants are entitled to qualified immunity if they "reasonably but mistakenly conclude probable cause is present." *District of Columbia v. Wesby*, 583

3

U.S. 48, 65 (2018). There were substantial reasons to believe that Plaintiff was involved in a serious crime and Detective Thompson had to move quickly. Even assuming *arguendo* there was no probable cause, Defendants are still entitled to qualified immunity. Notably, Plaintiff does not dispute that the FAST officers are entitled to the fellow-officer rule and acted in good faith reliance of Det. Thompson. Therefore, Plaintiff concedes this point and each of the officers should be dismissed as they are entitled to qualified immunity..

Plaintiff points to *Payton v. New York*¸445 U.S. 573 (1980); *Beck v. Ohio*, 379 U.S. 89 (1964); and *Whiteley v. Warden*, 401 U.S. 560 (1971). ECF No. 61, PageID. 998. Notably, all of these cases were in the criminal prosecution context and not under 42 USC § 1983 involving the lower standard of qualified immunity.

*Payton v. New York* only established that police cannot make warrantless and nonconsensual entry into a suspect's home for a felony arrest. 445 U.S. 573 (1980). There is no allegation, nor can there be one, that the officers entered Plaintiff's house. This is inapplicable in this case. *Beck v. Ohio* merely reaffirmed that a search incident to an arrest must be based on a lawful arrest. 379 U.S. 89 (1964). This general statement does not provide any support for the specific circumstances faced by Defendant. Lastly, *Whiteley v. Warden* similarly involved warrantless search of a vehicle, not warrantless arrests. 401 U.S. 560 (1971).

Plaintiff also appears to quote *Welsh v. Wisconsin* for the proposition that there was no urgency to arrest Plaintiff, stating the 27 days between the assault and the arrest "undercuts the claim of urgency." ECF No. 61, PageID. 998 citing 466 U.S. 740, 753 (1984). This quote appears nowhere in the case. *Welsh* merely stands for the proposition that a warrantless entry into a person's house for a warrantless arrest is not constitutional when the arrest is for a misdemeanor. 466 U.S. at 753.

Plaintiff also cites *Parsons v. City of Pontiac* and *Ahlers v. Schebil*, which both did not recognize a duty to investigate. *Ahlers* even specifically affirmed dismissal of the claim, noting that after finding probable cause there is "no duty to continue [a police] investigation . . ." 188 F.3d at 370.

Lastly, Plaintiff purports to quote *Davis v. Mississippi* with a statement that is found nowhere in the opinion. ECF No. 61, PageID. 999 citing 394 U.S. 721, 726-27.[1] *Davis* is yet another criminal case where the Court held that fingerprint information should be excluded if it resulted from an unlawful arrest. In fact, the Court specifically avoided ruling on whether "the requirements of the Fourth Amendment could be met by narrowly circumscribed procedures for obtaining, during the course of a criminal investigation, the fingerprints of individuals for

---

[1] The repeated use of fictional quotations can be sanctionable. As the Sixth Circuit makes clear "no brief, pleading, motion, or any other paper filed in any court should contain *any* citations—whether provided by generative AI or any other source—that a lawyer has not personally 'read and verified.'" *Whiting v. City of Athens, Tenn.*, __ F.4th __ at *4 (6th Cir. 026) *available at* 2026 WL 710568.

whom there is no probable cause to arrest." 394 U.S. at 727. Plaintiff cites no case clearly establishing Plaintiff cannot be fingerprinted when arrested under similar facts. Defendants did not violate any clearly established law.

### 3. Defendants are entitled to governmental immunity on state claims

Relating to the state claims of intentional torts, Defendants are entitled to governmental immunity. Plaintiff's argument for the state law claims is that they all rely solely on the "legality of the arrest." ECF No. 61, PageID. 1004. However, this is not the correct analysis for governmental immunity in Michigan, which is defined in MCL § 691.1407. The Michigan Supreme Court in *Odom v. Wayne Co.*, made clear that the "mere existence of probable cause, however, is not the proper inquiry. A police officer would be entitled to immunity under *Ross* [*v. Consumers Power Co. (On Rehearing)*, 420 Mich. 567 (1984)] if he acted in good faith and honestly believed that he had probable cause to arrest, even if he later learned that he was mistaken." 482 Mich. 459, 481 (2008). There is no evidence that *any* Defendant officer acted in bad faith. Even if Defendants lacked probable cause, the correct inquiry is whether the decision was done in good faith. Because no evidence of bad faith has been presented, summary judgment is appropriate as to those claims.

Regarding the claim of false light, Plaintiff quixotically states that Michigan law does not require formal media publication for a claim of false light, however

cites the case of *Duran v. Detroit News, Inc.*. ECF No. 61, PageID. 1005 citing 200 Mich App 622 (1993). The *Duran* case *did* involve formal media publication where the Court held the opposite of Plaintiff's contention, specifically summarizing in "order to maintain an action for false-light invasion of privacy, a plaintiff must show that the defendant broadcast to the public in general, or to a large number of people, information that was unreasonable and highly objectionable by attributing to the plaintiff characteristics, conduct, or beliefs that were false and placed the plaintiff in a false position." 200 Mich. App. At 631-32. Plaintiff presents no evidence Defendants broadcasted anything, but instead admits she herself put forward a news release.

### 4. Monell claim

Regarding the *Monell* claim, Plaintiff presents no evidence of a policy or custom and therefore cannot create a triable issue of fact. Plaintiff states only in cursory terms that future discovery will discover an unconstitutional policy. However, Plaintiff's Complaint does not even identify a policy that applies in this case. Therefore, dismissal of the City is appropriate.

Filed:

Christopher Michels (P83156
Senior Assistant Corporation Counsel
Attorney for Defendants

7