# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LaDONNA CRUTCHFIELD,
an individual,

Plaintiff,

V

CITY OF DETROIT, et al.

Defendants.

Case No. 2:25-cv-10514-BRM-DRG

Hon. Brandy R. McMillion

**PLAINTIFF'S SUR-REPLY**

---

I, Ivan L. Land, certify that the above document complies with Local Rule 5.1(a) including double spacing (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for nonproportional fonts) or 14-point (for proportional fonts). I certify that it is the appropriate length.

## **PLAINTIFF'S SUR-REPLY**

NOW COMES Plaintiff, LaDonna Crutchfield, by and through her attorneys, and respectfully submits this Sur-Reply in further opposition to Defendants' Motion for Summary Judgment. This Sur-Reply is necessary to address arguments raised for the first time in Defendants' Reply Brief and to correct Defendants' mischaracterizations of both the record and the governing law. Rather than demonstrating that probable cause existed for Plaintiff's arrest, Defendants rely on

0

conclusory assertions and ask this Court to accept that conclusion without engaging the actual facts. Defendants' Reply fails to establish probable cause, ignores exculpatory evidence, and leaves genuine disputes of material fact.

First, Defendants attempt to avoid the constitutional issue by arguing that Plaintiff was not arrested inside her home and therefore no violation occurred. This argument reflects a commonly used tactic by law enforcement to attempt to circumvent the warrant requirement by inducing an individual to step outside before effectuating an arrest. However, courts have repeatedly rejected this approach. The Fourth Amendment protection attached to the home cannot be avoided through form over substance. Here, officers went to Plaintiff's home, asserted authority, and secured her compliance by inducing her to step outside based on false information before completing the arrest. A reasonable jury could conclude that this was functionally a warrantless home arrest carried out at the threshold of Plaintiff's home, which remains unconstitutional absent exigent circumstances. Defendants' position ignores the reality of the encounter and attempts to elevate the technical location of the arrest over the constitutional protections at stake.

Defendants' argument also ignores the well-established principle that the protections of the Fourth Amendment extend beyond the physical interior of the home to its curtilage, including areas such as the front porch. The United States Supreme Court has made clear that the area immediately surrounding and associated

1

with the home is entitled to the same constitutional protection as the home itself. *Florida* v. *Jardines*, 569 U.S. 1, 6 (2013). The Sixth Circuit has likewise recognized that a home's porch falls within this protected curtilage. *United States* v. *Morgan*, 743 F.3d 128, 136 (6th Cir. 2014). Accordingly, officers cannot circumvent the warrant requirement by inducing a resident to step outside onto the porch before effectuating an arrest. When officers go to a person's home, assert authority, and secure compliance through misrepresentation, the constitutional analysis does not turn on whether the final step occurred inside the doorway or just outside of it. A reasonable jury could conclude that this was functionally a warrantless home arrest, which remains unconstitutional absent exigent circumstances.

Next, Defendants fail to address how Detective Thompson actually established probable cause. Plaintiff in her Response identified four specific bases that Detective Thompson relied upon for probable cause, yet Defendants' Reply does not address or explain how they collectively amount to probable cause. Instead, Defendants simply repeat that probable cause existed. Probable cause cannot be established through repetition. It must be supported by objective facts sufficient to warrant a reasonable belief that Plaintiff committed the offense. Where Defendants fail to engage with the actual evidentiary basis, it confirms that the issue remains one for the jury.

2

Defendants further argue that no exculpatory evidence was ignored, a position that cannot be reconciled with the record. Exculpatory evidence includes any evidence that tends to negate guilt or undermines probable cause. Here, both a witness and, more importantly, the victim failed to identify Plaintiff in formal lineup procedures. These are not minor inconsistencies. These are the two individuals with the most direct connection to the alleged offense, and neither identified Plaintiff. **If the failure of both the victim and a witness to identify the suspect does not qualify as exculpatory evidence, then it is unclear what does.** Defendants' attempt to minimize these facts does not eliminate their significance. At a minimum, these non-identifications create a factual dispute regarding probable cause that cannot be resolved as a matter of law.

Defendants also advance a flawed argument regarding the collective knowledge doctrine, asserting that Plaintiff waived the issue by not explicitly stating that the law was "clearly established." This argument fails both procedurally and substantively. Plaintiff cited multiple cases establishing the limits of the collective knowledge doctrine, making clear that officers may only rely on another officer's information where the originating officer actually possessed probable cause. The law on this issue has been **clearly established for decades**, and Plaintiff stated that fact in her Response. See ECF No. 61, PageID.997-998. Defendants cannot manufacture probable cause through a chain of reliance where no officer actually possessed it.

3

Moreover, this Sur-Reply properly clarifies that the governing principles were clearly established well before the events at issue.

Next, Defendants' reliance on the proposition that officers have no duty to investigate once probable cause exists similarly misses the mark. Plaintiff does not argue that officers must conduct a perfect or exhaustive investigation. Rather, Plaintiff's position is that officers cannot ignore readily available exculpatory evidence, rely on materially incomplete information, or construct probable cause while omitting critical facts. Even under Defendants' cited authority, probable cause must be evaluated based on the totality of the circumstances, which necessarily includes both inculpatory and exculpatory information. Here, the failure to account for lineup non-identifications, and the failure to verify readily available information such as requesting the police report for a hit and run from the Inkster Police Department to determine that Plaintiff was not a suspect, but a victim of a hit and run directly undermines any claim that probable cause was objectively reasonable.

Defendants further attempt to shift the focus by arguing that Plaintiff relied on improper citations and even suggesting that Plaintiff's arguments were the product of artificial intelligence. That assertion is unfounded and wholly unsupported by the record. Plaintiff's arguments are grounded in longstanding Fourth Amendment principles, including the well-settled rule that the seizure of an individual must be supported by probable cause. In preparing her Response under

4

significant page constraints, Plaintiff inadvertently attributed a quotation to *Davis,* while removing the accompanying language that reflected its proper source. The proper quoted language in fact appears in *Kolender* in which *Kolender* cited *Davis,* where the Supreme Court stated:

> "It has long been settled that the Fourth Amendment prohibits the seizure and detention or search of an individual's person unless there is probable cause to believe that he has committed a crime, except under certain conditions strictly defined by the legitimate requirements of law enforcement and by the limited extent of the resulting intrusion on individual liberty and privacy. See *Davis v. Mississippi*, 394 U. S. 721, 726-727 (1969)." *Kolender v. Lawson*, 461 U.S. 352, 363 (1983).

The principle cited remains accurate and unchanged. The misattribution was the result of the compressed page limit under which Plaintiff was required to respond and the removal of surrounding explanatory material during editing, not any reliance on artificial intelligence. Defendants' characterization is a complete misrepresentation of Plaintiff's briefing and an unwarranted accusation unsupported by the record. **More importantly, none of Defendants' criticisms alter the absence of probable cause or the constitutional violations identified in Plaintiff's Response.**

Defendants also take issue with Plaintiff's citation to *Welsh*. Plaintiff's reference was made in context of discussing the absence of exigency in light of the significant delay between the alleged offense (December 27, 2023) and the arrest

5

(January 23, 2024). The central point remains unchanged, where officers wait an extended period before acting, any claim of urgency is significantly undermined. Defendants do not dispute the timeline, and that timeline continues to weigh against any claim of exigent circumstances or a warrant. A delay of this magnitude is fundamentally inconsistent with any claim that immediate action was required.

Also, Defendants' challenge to Plaintiff's use of *Gardenhire* is similarly misplaced. In preparing the Response under significant page limit constraints, Plaintiff initially included the correct language from *Gardenhire*, but during the process of condensing and editing the brief to meet page limitations, that language was inadvertently removed. In its place, Plaintiff mistakenly included language similar to that found in *Ahlers,* "rejecting officer's qualified immunity defense where the officer ignored exculpatory evidence which would have negated a finding of probable cause", which reflects the same governing principle. *Ahlers v. Schebil,* 188 F.3d 365, 371 (6th Cir. 1999). To be clear, the Sixth Circuit in *Gardenhire* held:

> "And, in obtaining such reliable information, an officer cannot look only at the evidence of guilt while ignoring all exculpatory evidence. Rather, the officer must consider the totality of the circumstances, recognizing both the inculpatory and exculpatory evidence, before determining if he has probable cause to make an arrest." *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000).

The same principle applies here. Defendants focused only on generalized evidence of guilt while disregarding the most direct exculpatory evidence available, which is

the failure of both the witness and the victim to identify Plaintiff. When the totality

of the circumstances is properly considered, a reasonable jury could conclude that

probable cause did not exist.

Ultimately, Defendants' Reply fails to cure any deficiencies identified in

Plaintiff's Response. Defendants do not demonstrate how probable cause existed, do

not meaningfully address the exculpatory evidence in the record, and do not

overcome the constitutional issues surrounding the warrantless seizure of Plaintiff at

her home. Instead, Defendants rely on conclusory assertions and

mischaracterizations of the law. Here, a reasonable jury could conclude that probable

cause did not exist, that exculpatory evidence was ignored, and that Plaintiff's arrest

violated the Fourth Amendment. At minimum, these issues present classic questions

of fact that must be resolved by a jury, not the Court at summary judgment.


Dated: May 1, 2026                               /s/Ivan L. Land
                                                 Ivan L. Land (P65879)
                                                 Law Offices of Ivan L. Land, P.C.
                                                 25900 Greenfield Rd., Suite 210
                                                 Oak Park, MI  48237-1267
                                                 248.968.4545 / (f) 248.968.4540
                                                 ill4law@aol.com
                                                 **Attorney for PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Sur-Reply with the Court Clerk via CM/ECF on May 1, 2026 to serve all parties.


Dated: May 1, 2026                                     Respectfully Submitted,

                                                       /s/Ivan L. Land
                                                       Ivan L. Land (P65879)

8