UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LADONNA CRUTCHFIELD, | Case No: 25-CV-10514 |
| | Hon. Brandy McMillion |
| Plaintiffs, | |
| -v- | |
| CITY OF DETROIT, MARC THOMPSON | |
| ANTHONY WILLIAMS, DORIAN HARDY | |
| JEREMY MORROW, JOSHUA HOLDER, | |
| MATTHEW MCKINNEY, CAREEMA YOPP | |
| SABRINA CARRION | |
| | |
| Defendants. | |

**Response to Motion for Sur-Reply [ECF No. 63]**

Plaintiff is not entitled to a sur-reply. Plaintiff is certainly not entitled to an 8-page sur-reply (as she conspicuously labeled her first page with page number "0"). Defendants did not raise new issues in their reply brief. Plaintiff merely restates her position raised in her response brief and attempts to explain away the three fabricated quotations. Moreover, Plaintiff never sought concurrence from the undersigned counsel in violation of Local Rule 7.1

Regarding Plaintiff's misquotation of *Davis v. Mississippi*, Plaintiff for the first time attributes it to *Kolender v. Lawson*, ECF No. 63-1, PageId. 1078 citing 461 U.S. 352, 363 (1983). Notably, this quote is from the concurring opinion of Justice Brennan, did not involve 42 U.S.C. § 1983 or qualified immunity, and was

1

not cited in Plaintiff's opening brief. Defendant is prejudiced by Plaintiff's sur-reply raising a new and factually distinguishable citation.

Plaintiff also concedes its quoted citation to *Welsh* does not appear in that case. *See* ECF No. 63-1, PageID. 1079. Plaintiff fails to attribute where the quotation comes from and states simply that the "central point remains unchanged." ECF No. 63-1, PageID. 1079.

Plaintiff also concedes its quotation to *Gardenhire* was incorrect. *Id.* Plaintiff included a quotation that an officer cannot "ignore information . . . that tends to negate probable cause." *See* ECF No. 63-1, PageID. 1079 and ECF No. 61, PageID. 995. Plaintiff attributes this quotation to *Ahlers v. Schebil*, 188 F.3d 365 (6th Cir. 1999). This language is also not in the body of *Ahlers* but is instead a parenthetical summary of the out-of-circuit case of *Kuehl v. Burtis*, 173 F.3d 646, 651 (8th Cir. 1999). Again, Defendant is prejudiced by Plaintiff's attempts to raise new and expanded arguments in a sur-reply.

In conclusion. Plaintiff merely seeks the last word on assessing the facts and law of this case. This Court should reject Plaintiff's motion for leave to file a sur-reply and strike her sur-reply.

Submitted:

<u>Christopher Michels (P83156</u>
Senior Assistant Corporation Counsel
Attorney for Defendants

2